CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
. FILED
JUN 1 2 2015
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALEXANDRA BELLOFATTO, | ) |
| Plaintiff, | ) Civil Action No. 7:14CV00167 |
| v. | ) **MEMORANDUM OPINION** |
| RED ROBIN INTERNATIONAL, INC., | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

This case is presently before the court on the defendant's bill of costs, filed pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. For the reasons that follow, the court will award the defendant costs in the amount of $3,985.27.

## Procedural History

The plaintiff filed this employment discrimination action against the defendant on April 10, 2014. On December 24, 2014, the court denied the defendant's motion for summary judgment, and the case proceeded to trial on January 6, 2015. The jury returned a verdict in favor of the defendant on January 9, 2015, and the court entered the final judgment on January 12, 2015.

The case is now before the court on the defendant's request for an award of costs in the amount of $16,336.19.[1] The matter has been fully briefed and is ripe for review.

## Summary of the Applicable Law

"Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs 'should be allowed to the prevailing party' unless a federal statute provides otherwise." Williams v. Metro Life Ins. Co., 609 F.3d 622, 636 (4th Cir. 2010) (quoting Fed. R. Civ. P. 54(d)(1)). Thus, the rule "creates the presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Int'l

---

[1] The defendant originally requested an award of costs in the amount of $16,376.19. The defendant slightly reduced its request in response to the plaintiff's objections.

Corp., 186 F.3d 442, 446 (4th Cir. 1999). Although the court has the discretion to deny an award of costs, it must "articulate some good reason for doing so," in order to "overcome the presumption." Id. (internal citation and quotation marks omitted). "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011). Although the unsuccessful party's "good faith in pursuing an action is a virtual prerequisite to receiving relief from the normal operation of Rule 54(d)(1), that party's good faith, standing alone, is an insufficient basis for refusing to assess costs against that party." Id. (internal citation and quotation marks omitted).

The particular expenses that may be taxed as costs under Rule 54(d)(1) are set forth in 28 U.S.C. § 1920. That statute provides, in pertinent part, as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

2

## Discussion

### I. Requested Costs

In this case, the defendant's bill of costs includes: (1) $1,539.65 in fees paid to a private process server; (2) $7,070.45 in transcript fees; (3) $336.00 in printing and copying fees; and (4) $7,430.09 in witness fees and travel expenses. For the following reasons, the court declines to tax a significant portion of the requested costs.

### A. Service Fees

The defendant seeks to recover service fees in the amount of $1,539.65. These fees were paid to two private process servers. Such fees are not included in the list of taxable costs set forth in 28 U.S.C. § 1920. Instead, § 1920(1) only refers to the "[f]ees of the clerk and marshal." While some courts have interpreted this provision to include service fees paid to someone other than the marshal,[2] this court is constrained to apply the statute as written. "Because the plain language of § 1920(1) does not expressly allow for the recovery of private process fees," the court declines to tax those fees in this case. Mayse v. Mathyas, No. 5:09CV00100, 2010 U.S. Dist. LEXIS 103393, at *12 (W.D. Va. Sept. 28, 2010); see also Kelley v. Little Charlie's Auto Sales, No. 4:04CV00083, 2006 U.S. Dist. LEXIS 59171, at *7 (W.D. Va. Aug. 22, 2006) ("[T]he plain language of § 1920(1) only applies to fees paid to the clerk and marshal. Because the language of § 1920(1) is clear and unambiguous on its face, I am loath to read anything additional into the statute."). Accordingly, the defendant's bill of costs will be reduced by $1,539.65.

---

[2] See Mayse v. Mathyas, No. 5:09CV00100, 2010 U.S. Dist. LEXIS 103393, at *10-11 (W.D. Va. Sept. 28, 2010) (recognizing that "[w]hile the Fourth Circuit has not addressed the issue, other courts are split on whether this provision may be read to include fees for private process servers").

3

## B. Transcript Fees

The next category of expenses includes $7,070.45 in fees paid for obtaining deposition transcripts, a videotape of Philip Sellers' deposition, and daily trial transcripts.

Section 1920 allows a court to tax as costs "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The cost of a deposition transcript is generally recoverable if it is "reasonably necessary at the time of its taking." La Vay Corp. v. Dominion Federal Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987). In this case, the court agrees that all eight depositions -- which were of the plaintiff, her former coworkers and managers, and the defendant's human resources representative -- were reasonably necessary to the litigation at the time they were taken. Accordingly, the fees paid for the deposition transcripts are allowable costs.

On the other hand, the court declines to tax the cost of ordering the videotape of Philip Sellers' deposition, since the defendant also obtained a copy of the deposition transcript. While there may be circumstances in which a transcript and a videotape of a deposition may be necessary, the defendant has failed to make an adequate showing as to why both recording methods were necessary in the instant case. Accordingly, the costs associated with obtaining the videotape of Sellers' deposition will not be taxed against the plaintiff, and the bill of costs will be reduced by $56.70.

The court likewise declines to tax the costs of the daily trial transcripts ordered by the defendant. While the transcripts may have been helpful to defense counsel in preparing for various aspects of trial, the court is unable to conclude that they were necessary in this particular case. As such, the defendant's bill of costs will be further reduced by $3,781.25.

4

### C. Witness Fees and Travel Expenses

The defendant also seeks to recover $7,430.09 in witness fees and expenses. A prevailing party may recover fees for witnesses under 28 U.S.C. § 1920(3). Available expenses include attendance, travel, and subsistence fees, as specified in 28 U.S.C. § 1821.

#### 1. Attendance Fees

Witness costs include an attendance fee of $40.00 for each day of attendance and for the time necessarily occupied in going to and returning from the place of attendance. 28 U.S.C. § 1821(b). In this case, the defendant seeks to recover attendance fees paid to twelve of the plaintiff's former co-workers and/or managers, who were called to testify at trial. The court is of the opinion that all of these witnesses were reasonably necessary and, thus, that their attendance fees are allowable. However, the court declines to tax the fees paid to Glen Leidich, since the defendant elected not to call Mr. Leidich as a witness. Accordingly, the defendant's bill of costs will be reduced by $81.34 for the costs associated with Mr. Leidich's appearance.[3]

#### 2. Mileage

Witnesses who travel by privately owned vehicle are entitled to be paid "[a] travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to [5 U.S.C. § 5704], for official travel of employees of the Federal Government[.]" 28 U.S.C. § 1821(c)(2). "Courts have routinely rejected mileage requests where the supporting documentation has been found to be inadequate." Kloeckner v. Perez, No. 4:09CV00804, 2014 U.S. Dist. LEXIS 162261, at *4 (E.D. Mo. Nov. 19, 2014) (internal quotation marks omitted) (citing cases).

The court finds that the defendant has failed to adequately document the mileage claimed for Tawny Vaught. There are no miles listed on the bill of costs for this witness, and the court is

---

[3] The amount requested for Leidich consisted of $40.00 in attendance fees and $41.34 in mileage fees.

5

unable to determine how the defendant calculated the requested mileage costs. See Belk, Inc. v. Meyer Corp., No. 3:07-CV-168, 2010 U.S. Dist. LEXIS 97441, at *43 (W.D.N.C. Aug. 31, 2010) (declining to speculate as to the basis for requested mileage costs). Therefore, the defendant's bill of costs will be further reduced by $418.32.

The court will also reduce the mileage claimed for Amanda Johnston and Dylan Florendo. The defendant does not dispute the plaintiff's assertion that these two witnesses, who reside at the same address in Portsmouth, Virginia, likely traveled together to Roanoke for trial. Instead, the defendant argues that whether Mr. Florendo and Ms. Johnson traveled together in the same vehicle is irrelevant for purposes of their mileage reimbursement. The court finds the defendant's argument unpersuasive. Even if the applicable statute could be read to permit a mileage claim for more than one witness who travels in the same vehicle, the court is of the opinion that it would be unreasonable to pass these duplicate costs on to the plaintiff in the instant case.

Additionally, the court notes that the mileage claim for these two witnesses, as well as the claim for Justin Marks, is based on a rate per mile that exceeds the rate permitted by statute. The standard mileage rate for 2015 is 57.5 cents per mile. See 5 U.S.C. § 5704; Internal Revenue Service Bulletin 2014-53 (Dec. 29, 2014), available at http://www.irs.gov/irb/ 2014-53_IRB/ ar08.html. Applying this rate, the defendant is limited to requesting $270.83 for the number of miles traveled by Mr. Florendo and Ms. Johnson (471 miles), and $182.85 for the number of miles traveled by Mr. Marks (318). Accordingly, the bill of costs will be further reduced by $547.74.

### 3. Travel Expenses for the Corporate Representative

The defendant also seeks to recover $2,454.27 in travel expenses associated with Kristy Boyd's travel and lodging. Boyd, who is employed in the defendant's human resources department, appeared at trial not only as a testifying witness but as the defendant's corporate

6

representative. "[W]here a corporate representative is not a controlling officer of the company, many courts have determined that the representative is entitled to the statutory attendance fee and subsistence provided for witnesses under 28 U.S.C. § 1821, although only for the day or days [she] appeared as a witness." Honestech, Inc. v. Sonic Solutions, 725 F. Supp. 2d 573, 583 (W.D. Tex. 2010) (citing cases). Some courts have held that this should not include the cost of a corporate representative's flight, since "airfare expense is a cost incurred in the person's capacity as a corporate representative." Id. However, other courts have allowed such costs. See, e.g., Belk, Inc., 2010 U.S. Dist. LEXIS 97441, at *34.

In this particular case, the court finds that only a portion of Ms. Boyd's expenses may be taxed against the plaintiff. Ms. Boyd testified during one of the four days of trial. The costs associated with her appearance will be reduced by $1,940.65 to account for her role as the defendant's corporate representative.[4]

## II. Plaintiff's Inability to Pay

In addition to objecting to particular costs requested by the defendant, the plaintiff argues that the she is unable to pay the costs for which the defendant seeks reimbursement. She has submitted a declaration indicating that her monthly living expenses currently exceed the amount of income she takes home from her job with Papercut Clothing in New York, New York.

It is well settled that indigence does not automatically excuse the losing party from paying the prevailing party's costs. See Flint v. Haynes, 651 F.2d 970, 972 (4th Cir. 1981) (holding that "a district court is empowered to award costs even when it has previously granted a litigant the benefits" of in forma pauperis status). The power to award costs is a discretionary function of the court, and the court may impose costs against an unsuccessful litigant if the court finds that the

---

[4] The court agrees with the plaintiff that she should not be held accountable for any portion of the costs incurred in changing Ms. Boyd's original flight because the trial lasted longer than the defendant had anticipated. Thus, the court has excluded this additional expense from its calculation.

7

litigant has not convinced the court that she "will not ever be able to pay the order imposing costs." McGill v. Faulkner, 18 F.3d 456, 460 (7th Cir. 1994); see also Green v. Winchester Med. Ctr., No. 5:13CV00064, 2015 U.S. Dist. LEXIS 5895, at *7 (W.D. Va. Jan. 20, 2015) (finding that the plaintiff's financial condition militated against an award of costs in any amount where "the permanent injury suffered by the plaintiff . . . substantially reduced her present and future earnings potential").

In this case, the court is not convinced that the plaintiff will never be able to pay an order imposing costs against her. The plaintiff is a young college graduate with a bright future ahead of her in her chosen field of study. Nonetheless, in light of her current financial situation, the court will exercise its discretion to reduce the available costs by 50%. See, e.g. Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983) (affirming a partial award of costs against a plaintiff with limited financial resources).

## Conclusion

In accordance with the rulings set forth above, the court will award the defendant costs in the amount of $3,985.27. The court concludes that this award constitutes a fair contribution to the defendant's costs, given the plaintiff's current financial circumstances.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 12th day of June, 2015.

*Glen Conrad*

Chief United States District Judge

8